**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| REBECCA L. BOND, | Case № 2:15-cv-8701-ODW (ASx) |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION [8]** |
| ONEWEST BANK FSB; OCWEN LOAN SERVICING, | |
| Defendants. | |

## I.    INTRODUCTION

Defendants Ocwen Loan Servicing and CIT Bank, N.A. fka OneWest Bank, N.A. move to dismiss Plaintiff Rebecca L. Bond's Complaint.   For the reasons discussed below, the Court **GRANTS** Defendants' Motion with respect to Plaintiff's claim for violation of the Federal Trade Commission Act, and dismisses the remaining claims *sua sponte* for lack of subject matter jurisdiction.[1]  (ECF No. 8.)

## II.    FACTUAL BACKGROUND

In  June  2006,  Defendant  loaned  Plaintiff  $945,000.   (Compl. ¶ 6.)    In November 2010, Plaintiff filed a bankruptcy petition under Chapter 7 of Title 11 of

---

[1]    After considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

the United States Code.  (*Id.* ¶ 8.)  In April 25, 2011, the bankruptcy court approved a bankruptcy plan that discharged her loan obligation.  (*Id.*)  That same day, Defendants contacted Plaintiff and promised to reduce the interest rate if she continued to repay the loan after the discharge.  (*Id.* ¶ 11.)  Relying of Defendants' promise, Plaintiff continued paying the loan.  (*Id.* ¶ 13.)  However, Defendants never modified the loan as promised.  (*Id.* ¶ 14.)

On November 6, 2015, Plaintiff filed her Complaint *pro se*, asserting claims for fraudulent misrepresentation, equitable estoppel, and violation of the Federal Trade Commission Act.  (ECF No. 1.)  On December 15, 2015, Defendants moved to dismiss Plaintiff's Complaint.  (ECF No. 8.)  On January 25, 2016, Plaintiff filed an opposition, which, although late, the Court will accept and consider.[2]  (ECF No. 14.)  On February 1, 2016, Defendants replied.  (ECF No. 15.)  This Motion is now before the Court for consideration.

## III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial

---

[2]   *See, e.g.*, *Osei v. GMAC Mortgage*, No. 2:09CV02534JAMGGH, 2010 WL 1688489, at *1 (E.D. Cal. Apr. 23, 2010).

experience and common sense." *Id.* at 679.   A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).   But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed.  Fed. R. Civ. P. 15(a).  But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

### A.   Federal Trade Commission Act

Defendants argue that section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), may be enforced only by the Federal Trade Commission, and not by Plaintiff as a private citizen.   Plaintiff does not dispute this, arguing instead that Defendants should not be able to "hide behind enforceability technicalities." (Opp'n 7.)   While this may indeed be a technicality, it is one that the Court is without the power to waive.  "The protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission." *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973).  The Court must therefore dismiss Plaintiff's claim under the FTC Act without leave to amend.

### B.   Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction over the two remaining state law claims.[3]   Federal courts have subject matter jurisdiction only as authorized by the

---

[3]   Although Defendants do not raise this issue, the Court is obligated to raise it *sua sponte* if there is any doubt.  *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts generally have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).  Finally, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

### 1.    Arising-Under Jurisdiction

The Court has dismissed without leave to amend Plaintiff's claim under the FTC Act, which is the only federal claim in this lawsuit.  (*See supra* Section IV.A.)  Therefore, there is no longer any arising-under jurisdiction.

### 2.    Diversity Jurisdiction

Nor is there diversity jurisdiction.  The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).  National banking associations are "deemed citizens of the States in which they are respectively located."  28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006).  Here, Plaintiff alleges that she is a California citizen.  (Compl. ¶ 3.)  Defendant CIT Bank, N.A. fka OneWest Bank, N.A. is also a California citizen. (*Id.* ¶ 4; Defs.' Supp. Brief, ECF No. 17-1.)  This destroys complete diversity.

### 3.    Supplemental Jurisdiction

Once all federal "anchor" claims are dismissed, the court should generally decline to exercise supplemental jurisdiction over any remaining state law claims.  28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)

(holding that the court should decline supplemental jurisdiction in such circumstances because "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties").

Given that this case is still only at the pleading stage, considerations of comity and federalism must outweigh considerations of judicial economy and convenience, and thus the Court declines to exercise jurisdiction over Plaintiff's state law claims. However, the Court encourages Plaintiff to pursue her claims in state court. Using a false promise to lure a homeowner into paying a discharged debt is an appalling business practice. Indeed, it would not be the first time OneWest Bank's lending practices have landed them in hot water. *See, e.g.*, *Judge Cancels $525K in Mortgage Debt, Blasts Bank's 'Shocking and Repulsive' Acts*, ABA Journal (Nov. 30, 2009), http://www.abajournal.com/news/article/judge_cancels_525k_in_mortgage_debt_blasts_banks_shocking_and_repulsive_act. If Plaintiff's allegations prove true, Plaintiff should not go without redress.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss without leave to amend with respect to Plaintiff's FTC Act claim, and *sua sponte* dismisses the remaining state law claims without prejudice. (ECF No. 8.) The Clerk of the Court shall close the case.

The Court advises Plaintiff that she may be able to obtain free or low-cost legal aid while pursuing her matter in state court. For more information, Plaintiff may visit http://www.lacourt.org/selfhelp/selfhelp.aspx and click on the appropriate subject.

**IT IS SO ORDERED.**

March 1, 2016

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**